The document below is hereby signed.

Signed: September 10, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| YAFET ALEM, | ) | Case No. 13-00119 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING MOTION
FOR RULE 2004 EXAMINATION AND CLARIFYING THAT
AUTOMATIC STAY DOES NOT APPLY TO OR BAR DISCOVERY
SOUGHT FROM DEBTOR IN HIS CAPACITY AS A NON-PARTY WITNESS WITH
INFORMATION RELEVANT TO CLAIMS NOT STAYED IN THE SUPERIOR COURT

Tenacity Settlements, LLC, Northwest Savings Bank, William W. West, G. Michael Brown, ALSU Investments, LLC, and TenOff, LLC (the "Movants") have filed a motion for examination of the Debtor, Yafet Alem, under Bankruptcy Rule 2004. The Movants are defendants in a declaratory judgment action pending in the Superior Court of the District of Columbia. The declaratory judgment action is, at heart, a dispute as to the priority of liens asserted against the debtor's property, and is based primarily on challenges being made to the validity of certain deeds of trust and certificates of satisfaction. The debtor, who is alleged to have forged the certificates of satisfaction at

issue, is also a defendant in the declaratory judgment action and may also be a party to one of more of various related third-party claims, cross-claims and counterclaims that have been filed.[1] According to the motion papers, the Superior Court proceedings have been stayed as to claims against the debtor, but not as to the remaining parties and claims.

6400 2nd Place, LLC, a plaintiff in the declaratory judgment action and a creditor in this case, opposes the motion on the grounds that: (1) the Movants are not parties in interest and therefore lack standing to pursue Rule 2004 relief; and (2) invoking Rule 2004 when the requested information pertains to an action pending in the D.C. Superior Court improperly circumvents "rules, protections and procedures in place [in that proceeding] and the discovery schedule ordered by the court in the Superior Court matter."

I

Rule 2004 relief is generally unavailable to parties seeking to obtain discovery relating to pending litigation. *See In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002); *In re Szadkowski*, 198 B.R. 140, 142 (Bankr. D. Md. 1996) ("The court will not allow litigants to utilize Rule 2004 as a substitute for

---

[1] The parties have not provided a complete copy of the Superior Court docket and proceedings, and I am thus unable to determine the extent to which the debtor is also a party to the various cross-claims and counterclaims spawned by the declaratory judgment action.

discovery under the Federal Rules of Civil Procedure, especially where to do so would compromise the rights of parties subject to discovery requests."); In re Barnes, 365 B.R. 1, 6 (Bankr. D.D.C. 2007) (Rule 2004 is a pre-litigation tool). Although the Movants contend that their requested examination of the debtor is necessary to explore the possibility of filing a complaint objecting to discharge or the dischargeability of a debt, and that the inquiry they seek will substantially benefit the estate, they make no effort to conceal that their most immediate reason for pursuing discovery from the debtor is to obtain information in support of their defenses to claims pending against them in the Superior Court. Accordingly, the Movants cannot permissibly pursue discovery under Rule 2004, and they must instead rely upon the discovery tools available to them in the Superior Court.

Significantly, although Rule 2004 is not available to the Movants, it appears that what the Movants really seek is not a sweeping inquiry into the debtor's affairs, as would be permitted under Rule 2004, but rather, they seek authorization to conduct the same type of discovery that would be available to them in the Superior Court but for the intervention of bankruptcy and the automatic stay. Thus, the fundamental question here is not whether Rule 2004 relief is appropriate, which it plainly is not, but rather, whether the automatic stay actually bars the Movants from taking discovery from the debtor in the Superior Court, as

the Movants appear to believe.[2]

Section 362(a)(1) provides that the filing of a bankruptcy petition operates as a stay of

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

Although it would violate the automatic stay of 11 U.S.C. § 362(a)(1) for the Movants to subpoena the debtor in his capacity as a party-defendant to the Superior Court litigation, § 362 *does not* bar litigants from serving a subpoena on and deposing a debtor in his capacity as a non-party witness, even if the debtor happens also to be a defendant in a related action that has been stayed as to the debtor under § 362(a)(1). *See Groner v. Miller (In re Miller)*, 262 B.R. 499, 507 (B.A.P. 9th Cir. 2001) (holding that the automatic stay of § 362(a)(1) does not apply to subpoenas issued on a debtor if the subpoena was issued in furtherance of discovery relating to claims against non-debtors that were not stayed, even if the information to be elicited from the debtor may later be used against the debtor).

---

[2] As an alternative to conducting a Rule 2004 examination, the Movants, in their reply brief, asked that the court lift the automatic stay to let the examination go forward in the Superior Court. The court previously denied that request on procedural grounds. In the interim, the Movants have filed a motion for relief from the automatic stay.

The court in *Kenoyer v. Cardinale (In re Kenoyer)*, 489 B.R. 103 (Bankr. N.D. Cal. 2013), discussed the *Miller* decision at length, observing that two basic rules can be derived from that case:

> First, it does not violate the automatic stay for a debtor to be compelled to testify in a proceeding against a non-debtor when the debtor has been severed from the proceeding and the purpose of eliciting the testimony is to prosecute a claim against the non-debtor. Second, such testimony is permitted even if the elicited information could later be used against the debtor - as long as the debtor is compelled to testify for purposes other than prosecuting claims against the debtor.

*Id.* at 117 (discussing *Miller*, and holding that postpetition enforcement of a trial subpoena served upon the debtor prepetition to testify as to claims against non-debtor defendant did not violate the automatic stay). See also *United Nat'l Funding, LLC v. Jet Direct Aviation, Inc.*, 2012 WL 2514929, at *4 (D. Nev. June 28, 2012) (citing *Miller* and concluding that "the automatic stay does not protect [the debtor] from complying with discovery requests in a multi-defendant action where the debtor . . . is a Defendant, but where the requests for discovery pertain to the claims against the other non-debtor Defendants . . . ."); *Green v. Brotman Med. Ctr., Inc. (In re Brotman Med. Ctr., Inc.)*, 2008 WL 8444797, at *7 (B.A.P. 9th Cir. Aug. 15, 2008) (citing *Miller* for the proposition that the automatic stay does not prevent a party from obtaining information "from the debtor through third-party discovery without the stay being lifted"); *Peter Rosenbaum Photography Corp. v. Otto Doosan Mail Order Ltd.*,

5

2004 WL 2973822, at *3 (N.D. Ill. Nov. 30, 2004) (granting motion to compel debtor's compliance with subpoena and relying on the reasoning of *Miller* to conclude that the automatic stay did not bar discovery against the debtor so long as it was directed towards the claims against non-debtor defendants); *In re Barlas*, 2006 WL 1452806, at *2-3 (Bankr. N.D. Iowa May 19, 2006). *But see Lewis v. Russell*, 2009 WL 1260290 (E.D. Cal. May 7, 2009) (acknowledging that, under *Miller*, a debtor can be subpoenaed to testify as to claims asserted against non-debtor defendants in multi-party litigation, but finding that the claims at issue were too interrelated to be severed, making it necessary to stay all claims).

I agree with the reasoning of the *Miller* and *Kenoyer* courts, and conclude that the automatic stay of § 362(a)(1) does not bar the pursuit of discovery from a debtor in his capacity as a non-party witness. Although this court has the power under § 105 to extend the stay to prevent the type of third-party discovery sought from the debtor, *see In re Kenoyer*, 489 B.R. at 121, the debtor has not sought an order expanding the scope of the stay, and the court sees no apparent reason why the Movants ought not be permitted to seek information from the debtor that is relevant to their defenses.

                               II

I do not have the Superior Court record before me, and I am

thus unable directly to address any specific limitations the Superior Court may have placed on the Movants' right to depose and seek documents from the debtor.  If the Superior Court has barred the Movants from deposing or seeking documents from the debtor for reasons unrelated to the debtor's bankruptcy case or the automatic stay, it is not for me to second guess that determination, and it would be inappropriate for this court to authorize the Movants' use of Rule 2004 to bypass such a ruling in those proceedings.  On the other hand, if the Superior Court has barred the parties from taking any form of discovery from the debtor based upon the understandable, yet erroneous, belief that all service of process upon and discovery sought from the debtor is barred by the automatic stay, then it is appropriate for this court to clarify the scope of the automatic stay in that regard. As discussed above, it does not violate the automatic stay of 11 U.S.C. § 362(a)(1) for the Movants to pursue discovery from the debtor in his capacity as a non-party witness with information relevant to the Movants' defenses in the Superior Court litigation, even if that information may eventually be used against the debtor.

III

In its opposition, 6400 2nd Place, LLC argues that the Movants lack standing to pursue Rule 2004 relief because they are not parties in interest within the meaning of Rule 2004.  Because

the court is denying the Movants' motion to examine the debtor on other grounds, it is unnecessary to decide whether the Movants are or are not parties in interest within the meaning of Rule 2004.  I am, however, skeptical of 6400 2nd Place, LLC's argument.  Rule 2004(a) provides that the court may order a Rule 2004 examination of any entity "[o]n motion of any party in interest . . . ."  Although Rule 2004 does not define the term "party in interest," section 1109 of 11 U.S.C., which governs the right to be heard in a chapter 11 case, describes a party in interest as including "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."  *See In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) (relying on 11 U.S.C. § 1109 to interpret the meaning of the term "party in interest" as it is used in Rule 2004).  The term "party in interest" is liberally construed and the list of who qualifies as an interested party set forth in § 1109 is non-exclusive. *Id.*

The Movants are parties to litigation in which multiple parties are claiming competing interests with respect to the debtor's property, and whose interests may be affected by the alleged fraudulent prepetition conduct of the debtor.  The Movants contend that, depending on the outcome of the Superior Court litigation, the Movants may eventually have claims to assert against the debtor in his bankruptcy case.  Some of the

Movants joined together in filing a motion to extend the deadline to file a complaint objecting to discharge or the dischargeability of a debt pending the outcome of the Superior Court proceedings, and I granted that motion.  The court does not have a complete picture of the relationship between the Movants and the debtor, but based upon the limited record before me, it appears likely that the Movants could make a strong case that they qualify as parties in interest within the meaning of Rule 2004.

IV

In accordance with the foregoing, it is

ORDERED that the Movants' motion to conduct a Rule 2004 examination of the debtor is DENIED without prejudice to the Movants' right to seek discovery from the debtor in the Superior Court to the extent such discovery is not barred by the automatic stay of 11 U.S.C. § 362(a)(1).  It is further

ORDERED that the automatic stay of 11 U.S.C. § 362(a)(1) does not apply to discovery sought by the Movants from the debtor in the debtor's capacity as a non-party witness with information relevant to the defenses asserted by the Movants as to claims asserted against them in the Superior Court that have not been stayed.  It is further

ORDERED that this order is without prejudice to any non-bankruptcy-related objections the debtor may have to the

requested discovery under the rules of civil procedure applicable in the Superior Court.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings.